IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTI LEE JIMENEZ,<br><br>        Plaintiff,<br><br> v.<br><br>HOLBROOK PLASTIC PIPE SUPPLY, INC.,<br><br>        Defendant. | COMPLAINT<br><br>Civil Action No. 21-cv-2472<br><br>Jury Trial Demanded<br><br>Filing fee waived: 38 U.S.C. § 4323(h)(1). |

Plaintiff Christi Lee Jimenez alleges as follows:

## SUMMARY OF THE CLAIMS

1. This case is about Defendant Holbrook Plastic Pipe Supply, Inc.'s ("Holbrook" or "Defendant") failure to re-employ Christi Lee Jimenez ("Ms. Jimenez" or "Plaintiff") following the completion of her service in the United States Armed Services.

2. Ms. Jimenez brings this lawsuit under the Uniformed Services Employment and Re-employment Rights Act ("USERRA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claims pursuant to 38 U.S.C. § 4323(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to 38 U.S.C. § 4323(c)(2) because Defendant maintains a place of business in this District and because a substantial part of the events and omissions giving rise to the claim alleged herein occurred in this District.

## PARTIES

5. Ms. Jimenez is a former employee of Defendant. She is an honorably discharged member of the United States Army.

6. Holbrook Plastic Pipe Supply, Inc. does business in Holbrook, New York, is located at 790 Grundy Avenue, Holbrook, NY 11741, and employed Ms. Jimenez before Ms. Jimenez left its employment to serve in the U.S. Army.

## STATEMENT OF FACTS

7. Ms. Jimenez started work at Holbrook in May 2009. Her job duties included managing certain accounts, processing purchase orders, and answering phones.

8. In early 2017 Ms. Jimenez decided to join the U.S. Army.

9. In the late-March/early-April 2017 timeframe Ms. Jimenez told Carolyn Olson, Holbrook's owner, that she was joining the U.S. Army.

10. Toward the end of April 2017 Ms. Jimenez told Ms. Olson that she was leaving for basic training which was scheduled to start on or about May 2, 2017.

11. Shortly before Ms. Jimenez's last day of work before leaving for military duty Ms. Olson told Ms. Jimenez that she (Ms. Jimenez) would get her job back once her military service ended.

12. During that conversation Ms. Olson told Ms. Jimenez "come back to us anytime."

13. Ms. Jimenez served in the U.S. Army from May 2, 2017, through May 12, 2020.

14. Ms. Jimenez's service with the U.S. Army was honorable.

15. On July 28, 2020, Ms. Jimenez telephoned Ms. Olson and requested re-employment.

16. Ms. Olson told Ms. Jimenez words to the effect of "I'm not going to fire the person who replaced you just because you were serving in the military."

17. Ms. Jimenez also sent Ms. Olson and Holbrook a certified letter requesting re-employment yet neither Ms. Olson nor Holbrook responded to that letter.

18. Holbrook did not re-employ Ms. Jimenez.

19. In early-January 2021 Holbrook hired another person (Carol M) into the company's accounting department whose work included the same job duties as Ms. Jimenez.

20. Upon information and belief Holbrook made a profit in 2020.

21. Upon information and belief Holbrook hired workers in 2020.

22. Upon information and belief Holbrook did not lay off any workers in 2020 because the company lacked the financial wherewithal to keep those workers employed.

23. During the 2020 timeframe Holbrook received $234,300 in Paycheck Protection Plan (PPP) funds.

## CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

### (USERRA - 38 U.S.C. § 4312 – 4313 – FAILURE TO REEMPLOY)

24. In order to enjoy USERRA's reemployment protections, a plaintiff must: (a) be a member of the Armed Forces of the United States; (b) give notice to his employer of the plaintiff's military obligations; (c) serve honorably during the military service period; (d) give timely notification, to the employer, of plaintiff's intent to return to work; and, (e) serve less than five years with the military (absent varied exceptions). 38 U.S.C. § 4312.

25. Ms. Jimenez served in the U.S. Army.

26. Ms. Jimenez gave notice to Defendant of her military service obligation that began on May 2, 2017.

27. Ms. Jimenez served honorably during the above-referenced military service obligation.

28. Ms. Jimenez timely applied for reemployment within 90 days of her military service ending.

29. Upon returning to work Defendant was obligated to reemploy Ms. Jimenez in the following "order of priority": (1) the position that the employee would have attained with reasonable certainty if not for the employee's absence due to military service ("the escalator position"); (2) the position that the employee was employed on the date that the period of service began ("the pre-service position"); or (3) if the employee is not qualified for (1) or (2) above, any other position that is the nearest approximation first to (1) and then to (2) ("the nearest-approximation position"). 38 U.S.C. § 4313(a)(1)(A)-(B) & (a)(4); 20 C.F.R. § 1002.191; 20 C.F.R. § 1002.196(a)-(c).

30. Defendant did not reemploy Ms. Jimenez in the position she occupied before going on her military duty.

31. Defendant did not offer Ms. Jimenez a position comparable to her pre-deployment job upon her return from military duty.

32. Defendant did not offer Jimenez a position that was approximate to her pre-deployment job upon her return from military duty.

33. Defendant's failure to follow USERRA's reemployment statutes and regulations have caused Ms. Jimenez damage in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

### (USERRA - 38 U.S.C. § 4323- LIQUIDATED DAMAGES)

34. The Defendant absolutely knew that its conduct was prohibited under the provisions of USERRA, and its conduct was willful as defined by 38 U.S.C. § 4323(d), 20 C.F.R. § 1002.312(c), because Ms. Jimenez told Ms. Olson that she was required to give Ms. Jimenez her

job back.

35. Further, 38 U.S.C. § 4334, requires employers, like Holbrook, to maintain a poster at the workplace that informs the company's workers of their USERRA rights.

36. Additionally, Holbrook's website represents that the company is "WBE/DBE/SBE Certified" meaning that it is a Women/Minority Owned business and thus aware that the law imposes certain benefits upon certain protected classes, like returning honorably discharged military veterans.

37. To the extent that any contract, agreement, collective bargaining agreement, policy or practice of the Defendant constitutes any limitation on Ms. Jimenez's rights under USERRA it is illegal, null and void, inapplicable and of no force or effect pursuant to 38 U.S.C. § 4302.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. economic damages in the amount to be proven at trial including back pay, front pay, lost benefits of employment, negative tax consequences of any award;

b. liquidated damages;

c. reasonable attorney and expert fees, and costs, pursuant to 38 U.S.C. § 4323 and as otherwise provided by law;

d. a declaration that Defendant's failure to reemploy Ms. Jimenez violated USERRA, 38 U.S.C. §§ 4312-4313;

e. a declaration that Defendant's violation of USERRA was willful pursuant to, 38 U.S.C. § 4323(d)(1)(C); and,

f. other relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury in this action.

Dated: New York, New York

May 4, 2021

                                          Respectfully submitted,

                                          By: _/s/ Nina Martinez_

**OUTTEN & GOLDEN LLP**
Nina Martinez
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
E-mail: nmartinez@outtengolden.com

**CROTTY & SON LAW FIRM, PLLC**
Matthew Z. Crotty, *pro hac vice* motion forthcoming
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
Telephone: (509) 850-7011
E-mail: matt@crottyandson.com

*Attorneys for Plaintiff*