```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CHRISTI LEE JIMENEZ,
                                            ORDER
                    Plaintiff,             21-CV-2472 (JS)(AYS)

        -against-

HOLBROOK PLASTIC PIPE SUPPLY, INC.,

                    Defendant.
----------------------------------------X
```

SEYBERT, District Judge:

**WHEREAS**, Plaintiff Christi Lee Jimenez ("Plaintiff") commenced this action on May 4, 2021 against Defendant Holbrook Plastic Pipe Supply, Inc. ("Defendant"), asserting claims under the Uniformed Services Employment and Re-Employment Rights Act ("USERRA") arising out of Defendant's alleged failure to re-hire Plaintiff after she was honorably discharged from the United States Army. (Compl., ECF No. 1.)

**WHEREAS**, on May 4, 2021, Plaintiff also filed a "NOTICE TO THE CLERK OF THE U.S. DISTRICT COURT [THAT] THIS ACTION IS EXEMPT FROM FILING FEES UNDER 38 U.S.C. § 4323(h)(1)" (the "Notice"). (Notice, ECF No. 2.)

**WHEREAS**, on May 18, 2021, the Court converted the Notice to a motion because the overwhelming case law indicates that requests to proceed without prepayment of filing fees cannot be made on notice; rather Plaintiff must file an application or motion to the Court. See, e.g., Seeton v. Thermadyne Holdings Corp., No.

1

09-CV-0147, 2009 WL 1025323, at *1 (E.D. Tex. Apr. 15, 2009) (the Court in an USERRA case deciding "Plaintiff's 'Motion for Exemption from Filing Fee . . . .'"); see also Sherman v. Atria Senior Living, Inc., No. 20-CV-2460, 2020 WL 7392776, at *1 (E.D. Cal. Dec. 16, 2020) (same); Cazares v. City of El Centro, No. 20-CV-1571, 2020 WL 5731789, at *1 (S.D. Cal. Sept. 24, 2020) (same); Brock v. City of Jacksonville, No. 18-CV-1112, 2018 WL 6133774, at *1 (M.D. Fla. Sept. 20, 2018) (same); Cabrera v. Perceptive Software, LLC, No. 15-CV-2615, 2015 WL 1427219, at *1 (D. Kan. Mar. 27, 2015) (same); Hanson v. Cty. of Kitsap, No. 13-CV-5388, 2013 WL 11253207, at *1 (W.D. Wash. May 29, 2013) (same); MacIver v. City of Lakeland, Fla., No. 13-CV-1759, 2013 WL 3818111, at *1 (M.D. Fla. July 17, 2013) (same).

**WHEREAS**, Congress enacted USERRA, in part, to "prohibit discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a)(3). "[L]itigants proceeding under USERRA are explicitly exempt from being charged fees or court costs." Cazares, 2020 WL 5731789, at *1 (citing 38 U.S.C. § 4323(h)(1)); see 38 U.S.C. § 4323(h)(1) (providing that "[n]o fees or court costs may be charged or taxed against any person claiming rights under this chapter.") Indeed, "[t]he statute has been construed liberally in favor of uniformed service members seeking its protections." Cazares, 2020 WL 5731789, at *1 (citing Davis v. Advocate Health Ctr. Patient Care Exp., 523 F.3d

2

681, 683-84 (7th Cir. 2008)). "Courts have interpreted the language of 38 U.S.C. § 4323(h)(1) to include normal litigation costs such as filing fees." Id. (citing Davis, 523 F.3d at 683) (further citations omitted).

**WHEREAS**, the Court finds that the Complaint sufficiently alleges that Plaintiff, who served in the United States Army from 2017 to 2020, is a qualified member of the "uniformed services" as defined under USERRA. See 38 U.S.C. §§ 4303(13), (16).[1] Moreover, Plaintiff asserts claims for violations under USERRA. (See Compl. ¶¶ 24-37.) Therefore, the Court finds that Plaintiff is permitted to proceed without paying the filing fee under 38 U.S.C. § 4323(h)(1). Snyder v. Johnson, No. 12-CV-2723, 2012 WL 5866249 at *1-2, (D. Kan. Nov. 19, 2012) (granting motion to waive filing fee under USERRA, noting that the complaint alleged violations under USERRA and finding that plaintiff was a member of the "uniformed services" under USERRA based on allegations in complaint); see also Vonville v. New Century Air Serv., Inc., No. 16-CV-2621, 2016

---

[1] The term "service in the uniformed services" means "the performance of duty on a voluntary or involuntary basis in a uniformed service under competent authority . . . " 38 U.S.C. § 4303(13). It includes "active duty, active duty for training, initial active duty for training, inactive duty training, full-time National Guard duty," among others. Id. The term "uniformed services" means "the Armed Forces, the Army National Guard and the Air National Guard when engaged in active duty for training, inactive duty training, or full-time National Guard duty[.]" 38 U.S.C. § 4303(16).

3

WL 4919804, at *2 (D. Kan. Sept. 15, 2016) (same); Palumbo v. Devry Univ., 964 F. Supp. 2d 935, 936 (N.D. Ill. 2013) (same).

**Accordingly, IT IS HEREBY ORDERED** that Plaintiff's motion to proceed without paying the filing fee (ECF No. 2) is GRANTED.  The filing fee in this action is hereby WAIVED pursuant to 38 U.S.C. § 4323(h)(1) and Plaintiff may proceed without prepayment of the $402.00 filing fee.

**SO ORDERED.**

\_\_/s/ JOANNA SEYBERT\_\_\_\_
Joanna Seybert, U.S.D.J.

Dated:    May  18 , 2021
         Central Islip, New York

4